Robert ECKSTEIN and Sylvia Eckstein, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

BALCOR FILM INVESTORS, Balcor Entertainment Company, the Balcor Company, the Balcor Securities Company, Jerry M. Reinsdorf, Robert A. Judelson, James E. Finley, Gregory S. Junkin, Barry R. Jackson, Joseph A. Kruszynski, New World Entertainment, Ltd., Lawrence L. Kuppin, Robert Rehme, and Harry E. Sloan, Defendants.

Civ. A. No. 89–C–1315.

United States District Court, E.D. Wisconsin.

Nov. 14, 1990.

Michael S. Glassman, Kathleen L. Clemens, Brian Barry, Clemens, Glassman & Clemens, Los Angeles, Cal., Robert S. Schachter, Robin F. Zwerling, Zwerling, Schachter & Zwerling, Jules Brody, Melissa Emert, Stull, Stull & Brody, New York City, for plaintiffs.

Steven L. Bashwiner, Mary Ellen Hennessy, C. Elizabeth McCarty, Katten Muchin & Zavis, Chicago, Ill., Ross Anderson, Frisch Dudek Ltd., Milwaukee, Wis., Dennis M. Perluss, Cassandra S. Franklin, Hufstedler, Miller, Kaus & Beardsley, Los Angeles, Cal., for defendants.

John A. Lawrence, Richman, Lawrence & Mann, Beverly Hills, Cal., for defendants Kuppin, Sloan and Rehme.

Robert J. Walner, Gen. Counsel, The Balcor Co., Skokie, Ill., pro hac vice.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

### FACTS

On June 22, 1990, this court dismissed plaintiffs Robert and Sylvia Eckstein's ("the Ecksteins") federal securities law complaint because it failed to allege reliance which is an essential element of a claim brought pursuant to section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder by the Securities and Exchange Commission ("Rule 10b–5"). In addition, on June 22nd this court entered a judgment which stated that "the Ecksteins' complaint is DISMISSED."

On July 20, 1990, the Ecksteins filed an amended class action complaint with this court. The Ecksteins also appealed this court's June 22nd decision to the Seventh

Circuit Court of Appeals. The Ecksteins claim that they appealed this court's decision because they were not certain whether or not the June 22nd order dismissed this action in its entirety or merely the complaint, and therefore they wanted to protect their right to appeal.

On August 13, 1990, the defendants moved this court to dismiss the Ecksteins' first amended complaint on the grounds that the June 22nd order dismissed the entire action and the Ecksteins' appeal divested this court of jurisdiction. On August 27, 1990, the Ecksteins filed a memorandum in opposition to defendants' motion to dismiss and a cross-motion for leave to file a second amended complaint. Defendants have opposed the Ecksteins' motion for leave to file a second amended complaint on the ground that it does not sufficiently allege reliance. On November 1, 1990, the Ecksteins informed this court that the Seventh Circuit Court of Appeals had stayed the briefing schedule for the appeal pending this court's decision on defendants' motion to dismiss the amended complaint. This court denies defendants' motion to dismiss and grants the Ecksteins' motion for leave to file a second amended complaint.

## ANALYSIS

■ The Seventh Circuit Court of Appeals has held:

> It is well settled in this circuit that a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a). Similarly, the dismissal of the complaint is not a final appealable order. When the original complaint alone is dismissed, the litigation has not been terminated and the plaintiff still retains his right to amend once as a matter of course under Rule 15(a).

*Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1111 (7th Cir.1984) (citations omitted), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821. In the present case, this court's June 22nd decision and the June 22nd judgment state that the Ecksteins' *complaint* was dismissed. Neither of these documents make any reference to

the entire action. Although the entry of a judgment dismissing the complaint may have created confusion, this court only dismissed the complaint, not the entire action. Thus, the Ecksteins have retained their right to amend their complaint once as a matter of course pursuant to Fed.R.Civ.P. 15(a).

■ The defendants, however, argue that this court does not have jurisdiction to accept the Ecksteins' amended complaint because the Ecksteins filed a notice of appeal of this court's June 22nd decision. The Seventh Circuit Court of Appeals has held that:

> [T]here is a general rule that the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed. There are exceptions for certain actions serving to preserve the status quo pending the appeal or to assist the court of appeals in its determination.

*Ced's Inc. v. United States Environmental Protection Agency,* 745 F.2d 1092, 1095 (7th Cir.1984) (citations and footnote omitted), *cert. denied,* 471 U.S. 1015, 105 S.Ct. 2017, 85 L.Ed.2d 299 (1985). In the present case, the parties, and apparently the court of appeals, appear to be unsure as to whether or not this court dismissed the entire action in its June 22nd order. Thus, at the very least, this court retains jurisdiction for the purpose of clarifying for the court of appeals that the June 22nd order only dismissed the Ecksteins' complaint, not the entire action. In addition, as this decision and order clarifies that there is no final judgment dismissing the entire litigation, this court concludes that it has jurisdiction to continue to adjudicate the Ecksteins' claims unless the court of appeals notifies this court otherwise.

■ The defendants also argue that the Ecksteins should not be granted leave to file a second amended complaint even if this court determines that its June 22nd decision only dismissed the complaint, not the entire action. This court first notes that the United States Supreme Court and the Seventh Circuit Court of Appeals have both held that leave to amend a complaint should be freely given as long as (1) the

defendants will not be unduly burdened or prejudiced, (2) the plaintiffs have acted in good faith, and (3) the plaintiffs amendment of the complaint will not be futile. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Wilson v. American Trans Air, Inc.,* 874 F.2d 386, 391 (7th Cir.1989).

In the present case, the defendants argue that the Ecksteins' motion for leave should be denied because the second amended complaint does not sufficiently allege reliance, and that granting leave to amend is therefore futile. The plaintiffs, on the other hand, claim that their second amended complaint includes newly discovered facts which indicate that their case is based primarily on a claim that defendants omitted material misstatements from the documents used to market the securities in question.

■ First, as this court discussed in length in its June 22nd order, the mere use of the word "omission" in a complaint does not automatically create the presumption of reliance (June 22, 1990 Decision & Order at 10–15). Second, in their second amended complaint the Ecksteins do not claim that they relied on any of the documents or materials which allegedly contained material omissions. As this court stated in its June 22nd order, "[t]o presume reliance on omissions which allegedly occurred in statements and documents which the Ecksteins do not claim to have listened to, read, or relied on is illogical and would eliminate the reliance requirement." (Order at 13). Thus, the mere fact that the Ecksteins have included additional allegations of omissions is not enough to satisfy the requirement that they plead reliance.

The Supreme Court has stated that the reliance requirement in a Rule 10b–5 claim is necessary because it "provides the requisite causal connection between a defendant's misrepresentation [or omission] and a plaintiff's injury." *Basic Inc. v. Levinson,* 485 U.S. 224, 243, 108 S.Ct. 978, 989, 99 L.Ed.2d 194 (1987). The Court in *Basic,* however, also stated that there is:

more than one way to demonstrate the causal connection. Indeed, we previous-

ly have dispensed with a requirement of positive proof of reliance, where a duty to disclose material information had been breached, concluding that the *necessary nexus between the plaintiffs' injury and the defendant's wrongful conduct had been established.*

*Id.* (emphasis added) (citing *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 153–54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1971)). As noted above, in the present case, the mere allegation of material omissions is not enough, by itself, to create the necessary nexus between the Ecksteins' alleged injury and the defendants' alleged misconduct.

■ In their second amended complaint, however, the Ecksteins have also alleged that if the defendants had not misstated and omitted material facts, then they would have been unable to sell the securities in question at any price (Second Amended Complaint ¶¶ 27, 78–79). This allegation, if it were proven to be true at trial, would provide the necessary nexus between the Ecksteins' injury and the defendants' alleged misconduct; e.g., the Ecksteins could not have purchased the partnership interests and suffered an alleged loss but for the material omissions and misstatements.

In summary, this court holds that a plaintiff satisfies the reliance requirement of a Rule 10b–5 claim if he proves that without the material misstatements and omissions the securities in question could not have been sold at any price. Thus, in their second amended complaint the Ecksteins have sufficiently plead reliance because they have alleged that without the material misstatements and omissions the securities in question would not have been sold at any price (Second Amended Complaint ¶¶ 27, 78–79).

At the time this court granted defendants' motion to dismiss on June 22, 1990, the Ecksteins' motion for class certification was fully briefed and pending. This court, however, will not decide the Ecksteins' class certification motion until the parties have had an opportunity to supplement their briefs and respond to each others' submissions.

IT IS THEREFORE ORDERED that defendants' motion to dismiss plaintiffs Robert and Sylvia Eckstein's amended complaint is DENIED.

IT IS FURTHER ORDERED that plaintiffs Robert and Sylvia Eckstein's motion for leave to file a second amended complaint is GRANTED.

IT IS FURTHER ORDERED that the parties shall have fourteen (14) days from the date of this order to file, if they deem it necessary, with this court and serve upon the opposition any supplementary materials in support of their respective positions on the motion for class certification.

IT IS FURTHER ORDERED that the parties shall have ten (10) days from the date they receive the opposition's supplementary materials to file, if they deem it necessary, a response.

IT IS FURTHER ORDERED that, if necessary, on January 18, 1991, at 10:00 a.m., a hearing will be held in Room 284 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, for the purpose of hearing oral argument on the motion for class certification.